

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Olin Culberson, Commissioner
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-3854
Re: Can the Comptroller
legally authorize
warrants for payment
of the mentioned ac-
counts rendered to the
Commission under date
of August 6, but which
were incurred prior to
the application for
limitation grant?

    This will acknowledge receipt of your letter of
August 7, 1941, requesting the opinion of this department,
as follows:

    "Recently there was a grant made by the
Limitation of Payments Board upon the peti-
tion of the Commission dated July 1, 1941,
on page 7 of which, under the sub-title
'Legal and Reference Material,' there was a
'transcript cost, McElroy Case, E. C. Marrs,
et al, versus Railroad Commission of $2,360.00.'
Also in the same sub-head, 5th item, page 7,
there was 'Statement of Facts, Continental Oil
Company versus Railroad Commission, Conoco
Driscoll, $530.00.' These items were included
in a total of $30,295.60 and when same was
presented and approved by the Commission for
payment they were returned by the Comptroller
with the statement 'These accounts incur prior
to grant of Limitation Board and not payable
out of grant.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Olin Culberson, page 2

"In view of the fact that these items were
specifically included in our request, I would
like for you to answer the following question:

"QUESTION

"Can the Comptroller legally authorize
warrants for payment of these accounts ren-
dered to the Commission under date of August
6th, but which were incurred prior to the
application for limitation grant?"

The grant made by the Limitation of Payments Board
upon the petition of the Railroad Commission, dated July 1,
1941, was to permit said Railroad Commission to expend monies
necessary to adequately perform the functions of said state de-
partment from available funds theretofore appropriated and
then on hand.

The approval of the application of the Railroad
Commission to use such available funds for the designated pur-
pose was not an appropriation by such body but such action on
the part of such body was rather a permissive grant to the Rail-
road Commission allowing it to use the specified monies for the
purpose and in the amounts set out in the application.  To
deny payments of obligations incurred prior to the date of the
grant made by the Limitation of Payments Board would render the
Railroad Commission powerless to carry out its statutory func-
tions, and the very purpose contemplated by the Legislature
in creating the Limitation of Payments Board would, in fact,
be defeated.

Honorable Olin Culberson, page 3

You are accordingly advised that it is the opinion of this department that the Comptroller can legally authorize warrant payment of accounts rendered to the Railroad Commission under date of August 6, 1941, but which accounts were incurred prior to the application for limitation grant.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Edgar W. Cale*
Edgar W. Cale
Assistant

EWC:EP

APPROVED AUG 21, 1942

*acting* ATTORNEY GENERAL OF TEXAS

APPROVED AUG 21, 1941

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN